IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-341 (MTT) |
| ) | |
| Commissioner TIMOTHY WARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

United States Magistrate Judge Charles H. Weigle recommends dismissing plaintiff Waseem Daker's complaint (Doc. 1) "for his bad faith failure to comply with the permanent injunction entered by the United States District Court for the Northern District of Georgia." Doc. 6. The Court granted in part Daker's request for an extension of time, and gave him until March 2, 2023 to file his objections. Docs. 7; 8. Having received no objection, the Court entered an Order adopting the Recommendation on March 13, 2023. Doc. 9. On March 16, 2023, the Court received Daker's objection. Doc. 12. The Court assumes Daker timely filed his objection (Doc. 12),[1] and thus the Court **VACATES** its prior Order (Doc. 9) and Judgment (Doc. 10). Pursuant to 28 U.S.C. § 636(b)(1), the Court now reviews the Magistrate Judge's Recommendation (Doc. 6) de novo.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," courts must "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). Daker signed his objection on March 2, 2023. Doc. 12 at 20.

When Daker filed this action, he was required by court order to include (1) a copy of the Northern District's injunction order, and (2) "a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition or appeal." *Daker v. Deal*, No. 1:18-cv-5243-WMR, Doc. 57 at 19 (N.D. Ga. Aug. 4, 2020) *aff'd sub nom*. *Daker v. Governor of Ga.*, 2022 WL 1102015 (11th Cir. 2022) (hereinafter, "Northern District Injunction"). The Magistrate Judge recommends dismissing Daker's complaint because Daker failed to comply with either requirement. Doc. 6 at 1-8. Daker makes various arguments in opposition to dismissal. Doc. 12.

First, Daker asserts that "[t]he magistrate erred in recommending dismissal or presuming that Mr. Daker acted in bad faith without first issuing a show-cause order or otherwise allowing him an opportunity to be heard or explain why he failed to comply with the Northern District of Georgia's Injunction." *Id*. at 1. Because the Court afforded him an opportunity to be heard through his objection, the Court rejects Daker's first argument.

Next, Daker argues dismissal is not warranted because his first amended complaint complies with the Northern District Injunction. *Id*. at 2-3; Doc. 11-1. However, Daker's amended complaint is not timely under the Federal Rules of Civil Procedure. Docs. 11; 11-1. Federal Rule of Civil Procedure 15(a), as amended in 2009, allows a plaintiff to amend his complaint in four circumstances: (1) as a matter of course within twenty-one days after service; (2) as a matter of course within twenty-one days after the service of a responsive pleading or Rule 12 motion; (3) with the opposing party's written consent; or (4) with the court's leave. Daker's amended complaint was

without the defendants' consent, without leave from the Court, and more than five months after he filed the operative complaint. Docs. 11; 11-1. Moreover, Daker's failure to comply with the Northern District Injunction has resulted in a dismissal before service on the defendants. Because the time for Daker to serve the operative complaint had not yet been reached, the window for filing an amended complaint as a matter of course had not yet opened.[2]

Finally, Daker argues his failure to comply with the Northern District Injunction is due to misconduct by the defendants. Doc. 12 at 3-20. He alleges defendants have denied "him access to his stored legal materials," have destroyed "his only copy of" the Northern District Injunction, and have denied "him access to photocopying with which to copy" the Northern District Injunction order.[3] *Id*. But Daker did not even *attempt* to comply with the Northern District Injunction. He did not mention the injunction in the operative complaint, nor did he list "each and every" case he has filed in every federal court. Docs. 1 at 3 (listing only fifteen of his cases); 1-1. The Supreme Court has stated that it is "established doctrine that persons subject to an injunctive order … are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *GTE Sylvania, Inc. v. Consumers Union of the United*

---

[2] Even if the Court construed Daker's amended complaint as a motion for leave to amend, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint amended is still subject to dismissal." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (internal quotation marks and citations omitted). Here, Daker's amended complaint would still be subject to dismissal for failure to comply because he did not attach a copy of the Northern District Injunction order. Docs. 11; 11-1. Moreover, dismissal is still proper despite Daker's belated efforts to comply with the injunction because permitting Daker to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam).

[3] Daker had no issue providing an extensive list of his cases in his improperly filed amended complaint. Doc. 11-1 at 51-58.

*States, Inc.*, 445 U.S. 375, 386 (1980); *see also Smith Barney, Inc. v. Hyland*, 969 F.Supp. 719, 722 (M.D. Fla. June 9, 1997) ("Where an injunction is ordered, the parties are bound to obey it and are under an obligation to take steps to insure that violations of the order, even inadvertent, do not occur."). Thus, the Court concludes that, because "there was not even an attempt [by Daker] at compliance with [the injunction's] requirements," dismissal is warranted. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993); *see also* Doc. 6 at 8 ("Plaintiff's willful misconduct in this case, coupled with his extensive history of abusing the judicial process, demonstrates that dismissal of this action is both appropriate and necessary to deter further misconduct.").

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 6) is **ADOPTED** and made the order of the Court. Accordingly, Daker's complaint (Doc. 1) is **DISMISSED**.

**SO ORDERED**, this 3rd day of April, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT